**[Cite as *State v. Coffman*, 2025-Ohio-2340.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| RYAN COFFMAN, | : | Case No. 24-COA-013 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County
Court of Common Pleas, Case No.
23-CRI-167

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 2, 2025

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHRISTOPHER R. TUNNELL      BRIAN A. SMITH
Ashland County Prosecutor      123 South Miller Road, Suite 250
     Fairlawn, Ohio 44333
By: ANDREA R. PEREZ
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Baldwin, P.J.*

**{¶1}** Appellant Ryan Coffman appeals the sentence imposed by the trial court following his plea of guilty to four counts of pandering obscenity involving a minor or impaired person, and two counts of illegal use of a minor or impaired person in nudity-oriented material or performance.[1] Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

**{¶2}** The appellant's family discovered that he had downloaded, and possessed, child pornography. The appellant thereafter contacted his pastor for guidance, and the pastor then contacted the Ashland Police Department. Detectives responded to the call, and the appellant consented to a search of his cellular devices where pictures and videos of boys of all different ages in sexually compromised positions, including sexually graphic images, were found.

**{¶3}** A criminal complaint was filed on June 23, 2023, setting forth one count of pandering obscenity involving a minor or impaired person in connection with three different sexually explicit images of juvenile males; and, a second count of illegal use of a minor or impaired person in nudity-oriented material or performance in connection with two images of an unclothed juvenile male in a sexually compromised position. A hearing was conducted on June 23, 2023, at which time the trial court set bond. In addition, the court appointed counsel for the appellant, who filed a Request for a Bill of Particulars on the same day.

**{¶4}** On July 13, 2023, the appellant was indicted as follows:

---

[1] The appellant also pleaded guilty to, and sentenced was imposed on, one count of possessing criminal tools; he has not appealed the trial court's sentence on that count.

- Count One, Pandering Obscenity Involving a Minor or Impaired person in violation of R.C. 2907.321(A)(5) and (C), a felony of the fourth degree;

- Count Two, Pandering Obscenity Involving a Minor or Impaired person in violation of R.C. 2907.321(A)(5) and (C), a felony of the fourth degree;

- Count Three, Pandering Obscenity Involving a Minor or Impaired person in violation of R.C. 2907.321(A)(5) and (C), a felony of the fourth degree;

- Count Four, Pandering Obscenity Involving a Minor or Impaired person in violation of R.C. 2907.321(A)(5) and (C), a felony of the fourth degree;

- Count Five, Illegal Use of Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(3) and (B), a felony of the fifth degree;

- Count Six, Illegal Use of Minor or Impaired Person in Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(3) and (B), a felony of the fifth degree; and,

- Count Seven, Possessing Criminal Tools in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree.

The appellant pleaded not guilty on all counts at his July 19, 2023, arraignment, and the matter was scheduled for trial.

{¶5} The appellant subsequently asked the trial court to convert the trial date to a change of plea hearing, and on January 29, 2024, the appellant withdrew his plea of not guilty and entered a plea of guilty to all charges. The trial court engaged in the requisite Crim.R. 11 colloquy, ordered a presentence investigation, and scheduled the matter for sentencing on March 18, 2024.

**{¶6}** The presentence investigation, and the summary contained therein of law enforcement's initial investigation, shed additional light on the appellant's conduct. The report indicated that the appellant's family had received notifications on Facebook that the appellant was looking at "bad" websites, investigated, and discovered the pornographic images and videos on the appellant's phone. They took his devices away, changed the passwords, and contacted their pastor. The appellant admitted that when his family caught on to his activities he started deleting material from his phone that he did not want them to see. The appellant spoke with his pastor after his family discovered his activities. In addition, the presentence investigation provided more detail regarding the hundreds of images contained on the appellant's devices: there were several images of young children that were naked, and in their underwear; the young children appeared to be around 5 - 10 years of age; there were images of young boys that were naked and in their underwear that appeared to be around the ages of 12 - 15; and, there were several images of very young children that were naked, and they appeared to be under the age of 2. In addition, the appellant had exchanged images with a man he met online, thus also disseminating some images. Further, one of the detectives noticed that the appellant's history/downloads contained searches for the dark web and human trafficking. When questioned, the appellant admitted that he looked for information on how to access the dark web and on human trafficking, but emphatically stated that he "would not do that." Finally, the report reflected a case from 2015 in which the appellant had downloaded an inappropriate photo from Facebook.

**{¶7}** The trial court conducted the sentencing hearing on March 18, 2024. The appellant appeared for the hearing by remote video from the Ashland County jail, and his

counsel was also present. The court noted that prior to going on the record the appellant had the opportunity to speak privately with his counsel, and recited for the record the counts to which the appellant had pleaded guilty. The appellant's counsel spoke on behalf of his client, and asked the court to impose community control with the requirement that the appellant engage in and complete a residential treatment program to "address his underlying mental health and impulse control issues." The appellee argued for imposition of a prison sentence, with consecutive sentences for each count. The court noted that the appellant had hundreds of images downloaded on his devices, which the appellant's counsel acknowledged:

> MR. MERANDA: Your Honor, just to clarify, Mike from the State, there would be, in speaking with my client and everything that was provided, there is probably several hundred, Your Honor, but the charges were brought through the negotiations to these seven, which I hate to say is common place in these types of cases that I see. Rarely find somebody with one or two images because they get on and my client got linked with a gentleman through social media apps Ontell, Telemed or Tella, Your Honor, but basically they download packages is my understanding.
>
> So you will say, hey, you wanted some images and they will send over packages that may have anywhere from 50 to it could have several thousands. I actually have a federal child porn case, one where the gentleman downloaded three packages and it was over 10,000 images.

So that's - - that's where these things can become quite voluminous, as far as the nature of the charge because technically each individual image can be an individual charge the way the statute is written.

So the State and I did broker this deal, the seven with no future charges because where do you draw a line in the sand to it? Can never - - it can almost be never ending if that makes sense.

THE COURT: I understand. I understand that. I'm just trying to get a grasp for how many were on there and what period of time we are talking about. Do we know roughly how long this went on?

MR. CALLOW: Judge, I don't know about the period of time that he possessed. We would agree with the statement that there was [sic] hundreds of images to scan through and look through and then there is [sic] also several things that were deleted that we were trying to get into that had some troubles. So the State of Ohio made a discretionary decision to stick with seven counts and Attorney Meranda and I agreed that pursuant to the plea we would not bring any additional charges past the seven.

THE COURT: I understand that.

MR. CALLOW: From the boxes that we have at this point.

THE COURT: The Court is permitted the conduct as on [sic] a whole.

MR. CALLOW: Yes, sir.

THE COURT: That's what I'm attempting to do.

MR. CALLOW: Yes, Sir.

THE COURT: And I think you touched on this, Mr. Callow. So the seven - - the six charges involving the child pornography, those are all six different individual children?

MR. CALLOW: Yes.

The trial court sentenced the appellant as follows, describing the particular images connected with each of the counts at issue:

With respect to Count 1, which indicates an image depicting a juvenile male performing fellatio on an adult male, I am finding that anything less than a maximum sentence would be demeaning to the seriousness of the conduct with respect to that offense and ordering you to serve 18 months in an appropriate penal institution with respect to that count.

With respect to Count 2, that is one video depicting a juvenile male engaging in sexual activity with a stuffed animal. Again, I'm finding that anything less than 18 months would be demeaning to the seriousness of your conduct with respect to that offense.

Count 3 indicates one video depicting two juvenile males engaging in fellatio. I'm again, finding the seriousness of that offense justifies 18 months in an appropriate penal institution and anything less would be demeaning to the seriousness of the conduct.

With respect to Count 4, one video depicting a juvenile male engaging in masturbation. Again, I'm finding that anything less than 18 months would be demeaning to the seriousness of your conduct with respect to that offense.

With respect to Count 5, which is one image depicting an unclothed juvenile male with the male genitalia and anus exposed. I'm finding that anything less than 12 months would be demeaning to the seriousness of your conduct with respect to that offense.

With respect to Count 6, one image of an unclothed juvenile male with the male genital and anus exposed. I'm again, finding that anything less than 12 months would be demeaning to the seriousness of that and ordering you to serve 12 months in an appropriate penal institution.

With respect to Count 7, I'm ordering you to serve 12 months in an appropriate penal institution.

With respect to Counts 1 through 6, the Court is finding that consecutive sentences are necessary to punish the offender, protect the public from future crime and are not disproportionate to the seriousness of the conduct and the danger posed by the Defendant and that two or more of these offenses were part of one or more course of conduct and the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of that conduct. I cannot make that finding with respect to Count 7. So Counts 1 through 6 will be served consecutively. Count 7 will be served concurrently.

{¶8} On March 21, 2024, the trial court issued a Judgment Entry-Sentencing memorializing the sentence imposed upon the appellant, including but not limited to the necessary recitations regarding imposition of consecutive sentences for Counts One through Six:

The Sentences imposed for Counts One, Two, Three, Four, Five, and Six shall be served consecutive to each other. The Court further finds that that [sic] consecutive sentences are necessary to protect the public from future crime and to punish the offender, that such a sentence is not disproportionate to the offender's conduct and to the danger the offender poses to the public, and two or more offenses are part of one or more sources of conduct; and, the harm caused by those offenses and conduct is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct. The Sentence imposed for Count Seven shall be served concurrently to the Sentence imposed for Count One, Two, Three, Four, Five, and Six.

{¶9} The appellant filed a timely appeal, and sets forth the following two assignments of error:

{¶10} "I. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4), WITH RESPECT TO COUNTS ONE THROUGH SIX OF THE INDICTMENT, WAS NOT SUPPORTED BY THE RECORD."

{¶11} "II. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UNDER R.C. 2929,14(C)(4), WITH RESPECT TO COUNTS ONE THROUGH SIX OF THE INDICTMENT, WAS CONTRARY TO LAW FOR FAILING TO CONSIDER THE AGGREGATE SENTENCE BEING IMPOSED ON APPELLANT."

{¶12} The appellant submits that the trial court erred when it imposed consecutive sentences on Counts One through Six, resulting in an aggregate sentence of eight years

in prison. We disagree, and for the reasons set forth below affirm the decision of the trial court.

## STANDARD OF REVIEW

{¶13} The appellant's assignments of error are interrelated; accordingly, we will address them together.

{¶14} An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

{¶15} The issue of consecutive sentences was discussed by the Ohio Supreme Court in the seminal case of *State v. Bonnell*, 2014-Ohio-3177:

> On appeals involving the imposition of consecutive sentences, R.C.
> 2953.08(G)(2)(a) directs the appellate court "to review the record, including
> the findings underlying the sentence" and to modify or vacate the sentence
> "if it clearly and convincingly finds * * * [t]hat the record does not support the
> sentencing court's findings under division * * * (C)(4) of section 2929.14 * *
> * of the Revised Code." But that statute does not specify where the findings

are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id.* at ¶ 28. The issue was subsequently addressed by this Court in *State v. Corbett,* 2023-Ohio-556 (5th Dist.):

We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.

R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), *or* the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.

Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required

to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Id.* at ¶24-26.

### ANALYSIS

**{¶16}** R.C. 2929.13(B)(1)(b)(iv) provides that a trial court has the discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or a qualifying assault offense if the offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907 of the Revised Code. In this case, the counts to which the appellant pleaded guilty are fourth and fifth degree felonies that are sex offenses in violation of Chapter 2907. The trial court therefore had the discretion to impose a prison term upon the appellant for Counts One through Six.

**{¶17}** R.C. 2929.14(A) provides that, for a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months; and, for a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months. In this case, Counts One, Two, Three, and Four, to which the appellant pleaded guilty, were fourth degree felonies for which he was sentenced to 18 months in prison. Counts Five and Six, to which the appellant pleaded guilty, were fifth degree felonies for which he was sentenced to 12 months in prison. These sentences were clearly within the parameters established by R.C. 2929.14.

**{¶18}** Furthermore, R.C. 2020.14 specifically addresses the imposition of consecutive sentences at section (C)(4):

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶19}** This language was applied in *Corbett,* supra, in which we stated:

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, 2021 WL 2628079, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."

*Id.* at ¶ 37.

*Id.* at ¶28.

**{¶20}** The appellant argues that the trial court's imposition of consecutive sentences in this case is in contravention of R.C. 2929.14(C)(4). We disagree. Our review of the record establishes that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences. The trial court specifically found that consecutive sentences were necessary to protect the public and punish the appellant,

and were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public.  The trial court acknowledged the appellant's low ORAS score and lack of criminal history, but noted the seriousness of the crimes committed, stating:

There is a seriousness here that the Court cannot ignore. And any time I think you are dealing with child pornography it is of a grave seriousness. I disagree that this is a quote, unquote, victimless crime, you know, you are dealing with children here. Children who suffer unspeakable harm that is clearly exacerbated by their age, mental condition.

Now, I understand that these are unnamed or unknown children to us, you know, they are images on the internet, you know, you either downloaded it or was sent to you by another person, but these are still children.

And just because you didn't take the photos doesn't mean that you don't play a role in harming them. Accessing these photos and videos, viewing them, storing the photos, that all perpetuates this harm. You know, you took it a step further. You actually transferred some of these photos to another person. You participated in chat messages where these images were shared, so you certainly perpetuated the harm to these children. You continued the chain.

You know, there is a plight of human trafficking in this country. And this is exactly the type of behavior that supports that. It supports the

trafficking of children. You know, these kids are forced to do unspeakable things and actions like yours just encourages it.

You know, the PSI references an incident going back to 2015 where it sounds like an improper image was downloaded from Facebook, that coupled with the number of images, that would lead me to believe that this behavior has been going on for quite some time.

There were also references in your search history about the dark web and inquiring into human trafficking. Thank God you stopped before you did that.

The trial court thus found that consecutive sentences were necessary to punish the appellant and found that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public, particularly in light of the seriousness of child pornography and human trafficking.

**{¶21}** "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, supra, at ¶ 29. In the case sub judice, the record establishes that the trial court made the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporated its findings into its sentencing entry. The record clearly supports the findings of the trial court, and the appellant's consecutive sentences should be upheld. We therefore find the appellant's assignments of error numbers one and two to be wholly without merit.

## CONCLUSION

{¶22} Based upon the foregoing, the appellant's assignments of error numbers one and two are overruled, and the decision of the Ashland County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Popham, J. concur.